HENRY HARM v. N. T. DAVIES and Another.

April 27, 1900.

Nos. 12,109—(42).

### Pleading—Defense to Action upon Note.

In justice court the answer was held insufficient on objection of plaintiff. Exception by defendants, and appeal on questions of law. *Held*, that the answer stated a defense, and that the justice erred in sustaining the objection.

### Justice of the Peace—Joint Appeal to District Court—G. S. 1894, § 5068.

The execution and filing of an affidavit by each defendant who attempts to appeal is required by G. S. 1894, § 5068, where defendants are jointly liable, and judgment rendered against them jointly.

Action before a justice of the peace to recover $49.25 and interest on a promissory note. From a judgment in favor of plaintiff, defendants appealed on questions of law to the district court for Freeborn county, where the case was heard before Kingsley, J., who made an order of affirmance. From a judgment entered pursuant to the order, defendants appealed. Reversed with directions.

*J. A. Sawyer*, for appellants.

*Henry A. Morgan*, for respondent.

LEWIS, J.

Action in justice court upon a promissory note executed by defendants to one Schleuder, and transferred to plaintiff. When the case was called for trial, complaint and answer were filed, and plaintiff objected to certain parts of the answer that it did not contain a defense, and moved that such parts be stricken out. Objection of plaintiff sustained. Exception by defendants. Defendants then appeared and filed an amended answer, to which plaintiff objected as insufficient. Objection sustained. Exception by defendants. Plaintiff then submitted testimony, and defendants offered no evidence. Judgment rendered against the defendants for the amount claimed. Defendant N. T. Davies filed an affidavit of appeal to the district court as to himself, but containing no reference to defendant F. L. Davies. Both defendants joined in the execu-

tion of an appeal bond, in the body of which both defendants are described as having appealed. The notice of appeal was signed by defendant N. T. Davies only, but in the body of the instrument both defendants are declared as appealing. The appeal was taken on questions of law alone. In the district court the judgment was affirmed. Both defendants appeal to this court from the judgment of the district court.

1. We are required to determine whether the justice erred in sustaining plaintiff's objection to the sufficiency of defendants' amended answer. That part of the answer referred to is as follows:

"Further answering, and as an affirmative defense herein; defendants allege that at the time of the execution and delivery of said note these defendants delivered to the payee therein named, as collateral security therefor, a certain promissory note, bearing date on the 1st day of October, 1895, for the principal sum of $81.76, with interest, made and delivered by one Orlo Baker to the defendant N. T. Davies, which said note was then the property of these defendants, and by its terms due and payable on the first day of February, 1897, together with a chattel mortgage of even date, executed and delivered by said Baker, securing the payment of said note, which said note and chattel mortgage were subsequent thereto, without the knowledge or consent of these defendants or either of them, extended for the full term of sixty days after the said day of the maturity thereof by said payee, Schleuder, and by this plaintiff, to defendant's damage in the sum of $91.32."

Although the statement of facts constituting the damages claimed is exceedingly brief, and not at all satisfactory as a foundation for the introduction of evidence, yet the allegation that the note was extended by the plaintiff and Schleuder, to defendant's damage, will be considered sufficient, in view of the liberality allowed in the construction of pleadings in the justice court. Therefore the amended answer contained a defense, and the justice erred in sustaining the objection to it.

2. No affidavit in appeal was filed by or on behalf of defendant F. L. Davies. The affidavit is jurisdictional, and without it the case was never appealed as to defendant F. L. Davies. McFarland v. Butler, 11 Minn. 42 (72). The affidavit filed by the other defendant did not operate as an affidavit for his codefendant, in the absence

of anything to show that he was acting as his agent. Neither does the fact that both are described as appellants in the bond and notice cure the defect. Each separate and distinct act required by the statute (G. S. 1894, § 5068) must be complied with by each appellant. It follows that the district court acquired no jurisdiction of defendant F. L. Davies.

The judgment is reversed, with directions to the district court to dismiss the appeal of defendant F. L. Davies, and to reverse the judgment as to defendant N. T. Davies.